WARREN R. GRIST *et al. vs.* TEXTILE WORKERS UNION OF AMERICA, C.I.O. *et al.*

JULY 13, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Appeal sustained in part; decree appealed from modified; otherwise affirmed, and cause remanded to superior court for further proceedings.

CAPOTOSTO, J. This bill of complaint was brought by the complainants on behalf of themselves and all other em-

ployees of the Worcester Textile Co., Inc. to enjoin the respondents from maintaining a picket line and from using threats, force, coercion and intimidation towards complainants and said employees. Following a hearing in the superior court the relief prayed for in the bill was granted and a decree to that effect was duly entered. The case is before us on respondents' appeal from that decree.

The following facts are undisputed. The Worcester Textile Co., Inc. operated a woolen mill employing some 500 persons at its plant in the town of North Providence in this state, where complainants were employed. There was no strike at the mill, no labor dispute between the company and its employees, and the latter were in no way connected with the respondent union. The controversy in the instant case arose out of and was directly related to a nation-wide strike in the woolen and worsted industry. The respondent union was on strike locally and elsewhere in those mills with which it had contracts. In support of that strike the union sought to close down unorganized mills, such as the one in the case at bar.

The means which the respondents adopted to attain that end at the mill where complainants were employed resulted in the present proceedings. Briefly stated the evidence for complainants was to the effect that on February 21, 1951, when the afternoon shift of approximately 125 employees reported for work, between 150 and 200 members of the respondent union were gathered at the entrance to the mill with about 40 of the group forming a picket line at the main gate and by marching "shoulder to shoulder" completely blocked that entrance. Employees who attempted to cross that picket line were subjected to derision, insults, threats of violence, and in some instances to the use of force. In the meantime other members of the union mingled with the employees and pursued the same tactics.

When it became apparent to the union members that a few of the employees had entered the mill through two

smaller gates which they were not ordinarily permitted to use, respondents immediately blocked those entrances in the same manner and used the same means as just above described to prevent the employees from entering the mill premises. The result was that the mill was forced to stop work. Respondents' evidence in substance denied that there was any mass picketing or other improper conduct on their part which prevented the employees from entering the mill if they had elected to do so.

Complainants suggest that in reality the matter in dispute is presently a moot question as the aforementioned strike has been settled, there is no trouble at the mill, and the governing statute, general laws 1938, chapter 299, was radically amended by public laws 1951, chap. 2748. Nevertheless both parties have fully briefed and argued the case on its merits. In the peculiar circumstances presently before us we believe that we should express an opinion in a summary manner on the merits of the case as of the time of trial.

Before the amendment of 1951 the superior court had broad discretion under chapter 299 to issue injunctions in labor disputes. In the instant case the kind of picketing described by the witnesses for the complainants was clearly illegal. *Thornhill* v. *State of Alabama,* 310 U. S. 88; *Milk Wagon Drivers Union, Etc.* v. *Meadowmoor Dairies, Inc.,* 312 U. S. 287; *Allen-Bradley Local No. 1111, Etc.* v. *Wisconsin Employment Relations Board,* 315 U. S. 740. The evidence of record was conflicting, irreconcilable and open to different conclusions. From a reading of the transcript, without seeing and hearing the witnesses, we cannot say that in the circumstances the trial justice was clearly wrong in finding that the respondents were guilty of illegal *mass picketing,* or that he abused his discretion under the pertinent provisions of chapter 299 as then in force. However, the decree under consideration is too broad in that it enjoins the respondents from picketing in any form, peaceful or otherwise. On the record here and in accord-

ance with our understanding of the above-cited and other comparable cases the order in the decree should have been restricted to enjoining the respondents from mass picketing.

The respondents' appeal is sustained in part; the decree appealed from is modified to the extent above set forth; otherwise it is affirmed, and the cause is remanded to the superior court for further proceedings.

*John P. Cooney, Jr., Mortimer G. Cummings,* for complainants.

*Isadore Katz, David Jaffe, Benjamin Wyle,* of New York Bar, *Joseph V. Ortoleva,* for respondents.